LONGUEMARE v. NICHOLS.

*(City Court of New York, Special Term.  July, 1889.)*

1. EXECUTION—AGAINST THE PERSON—RELEASE OF DEBTOR.
   Under Code Civil Proc. N. Y. § 572, amended by Laws 1886, c. 672, providing that, if plaintiff neglects to issue execution against the person of defendant within 10 days after the return of the execution against his property, or whenever it shall appear to the satisfaction of the court that plaintiff is endeavoring to use the mandate for the purpose of oppressing the debtor, defendant must, on his application, with notice to plaintiff, be discharged from custody, if already taken under the mandate; or, if he has not yet been imprisoned, be relieved from imprisonment by virtue of the mandate, unless reasonable cause is shown why the application should not be granted, failure to issue execution is not excused by the engagements of plaintiff's attorney.

2. SAME—SUPERSEDEAS—APPLICATION.
   Under the statute, as amended, defendant need not be in actual custody in order to make the application for *supersedeas* of the execution.

3. SAME—DISCRETION OF COURT.
   The power of the court being discretionary, the application for *supersedeas* will be denied when it appears that the adverse party has been vigilant in asserting his rights.

4. SAME—RIGHT TO SUPERSEDEAS.
   The remedy is afforded by the statute to defendant alone, and relief cannot be granted to a plaintiff against whom costs have been decreed.

On motion for the issue of a *supersedeas*, and for a perpetual stay of execution.

*George Bell,* for plaintiff.   *Henry S. Snow,* for defendant.

HOLME, J.   This is a motion for the issue of a *supersedeas,* and for an order perpetually staying the issue or enforcement of an execution against the person of plaintiff in this action.   The ground of the motion is that an execution against the body of plaintiff, against whom a judgment for costs in an action of tort was recovered by defendant, was not issued within 10 days after the return, unsatisfied, of an execution against plaintiff's property.   The defendant resists the motion on various grounds; admits that the execution was not issued within the 10 days, but seeks to excuse his delay by various reasons, among others by the engagements of his attorney, which last reason is of no avail, (*Kelly* v. *Brownlow,* 54 N. Y. Super. Ct. 129;) and claims that the granting or denial of the motion is, under section 572 of the Code of Civil Procedure, discretionary.

The objection of the defendant that plaintiff cannot make the motion because he is not in actual custody is, since the amendment of section 572, in the year 1886,[1] without merit, as it is no longer required that the party applying for the *supersedeas* must be in actual custody.   *De Silva* v. *Holden,* 11 Civil Proc.

---

[1] Section 572, amended by Laws 1886, c. 672: "Except in a case where an order of arrest can be granted only by the court, if the plaintiff unreasonably delays the trial of the action, or neglects to enter judgment therein, within ten days after it is in his power to do so, or neglects to issue execution against the person of the defendant within ten days after the return of the execution against the property, and, in any event, neglects to issue the same within three months after the entry of the judgment, or whenever it shall appear to the satisfaction of the court that the plaintiff in an action, or a judgment creditor in a judgment, delays the enforcement of his remedies therein, by collusion, or for the purpose of allowing the debtor to remain in prison under the mandate in any other action, before the issuing of the mandate in favor of such creditor, so as to produce a continued and extended imprisonment by virtue of the separate mandates in the different actions, the defendant must, upon his application, made upon notice to the plaintiff, be discharged from custody, if he has already been taken under the mandate against him in such action; or, if he has not yet been imprisoned therein, be relieved from imprisonment by virtue of such mandate, by the court in which the action was commenced, unless reasonable cause is shown why the application should not be granted.   A defendant discharged as prescribed in this section shall not be arrested upon an execution issued upon the judgment in the action."

R. 404, 54 N. Y. Super. Ct. 1; *Gellar* v. *Baer*, 12 Civil Proc. R. 433; *Refining Co.* v. *Taussig*, 44 Hun, 475.

It has been held in numerous cases that the requirements of section 572, Code Civil Proc., as amended in 1886, requiring the discharge of a judgment debtor, are not peremptory, but that they authorize a denial of the application for a *supersedeas*, whenever reasonable cause is shown why such application should not be granted. *De Silva* v. *Holden, supra; Hobbs* v. *Bashford*, 45 Hun, 592; *Kelly* v. *Brownlow*, 54 N. Y. Super. Ct. 129; *People* v. *Grant*, 13 Civil Proc. R. 209. The test is, has the judgment creditor been vigilant? If he has, the court has discretion to deny the application for a *supersedeas*. In my opinion, in the present case, no neglect has been shown by the judgment creditor which would entitle the plaintiff to the relief asked for.

In addition to this, there is a ground, not touched upon by either party upon the motion, which seems to me to be fatal to the application. An examination of section 572, under which this motion is made, shows that it applies only to cases where the neglect or delay is that of the plaintiff. It will be seen that every provision of the section has reference to the discharge of the defendant, and does not apply to the case of the plaintiff, against whose body an execution has been issued by defendant. If this reading of the section is correct, the plaintiff cannot succeed in the present application. The motion must be denied.